DUCKER, JUDGE:
The claimants, Archie Green and his wife, Fosie Green, allege they have suffered damages in the sum of $50,000 by Archie Green and $10,000 by Fosie Green, by reason of inadequate and negligent medical care and services rendered to Archie Green while the latter was a patient from September 15, 1966 until July 10, 1967 at Pinecrest Sanitarium, an agency of the West Virginia Department of Public Institutions. The principal basis of the claim is that on November 14, 1966 Archie Green got up out of bed about 7:30 in the evening to close the door to his room and blacked out and fell on the floor, broke his leg and was permanently injured. The claimant, Fosie Green, bases her claim on time required by her in caring for her husband who was thus disabled. The State denies all factual allegations upon which they base their claims as well as any liability in the matter.
The evidence adduced for the claimant consisted of the testimony of the claimant, their son and daughter, a brother, the occupant of an adjoining room in the hospital, and a friend, and for the respondent a nurse, the doctor in charge of and the records of the sanitarium. Except for a two line letter from David E. Wallace, M. D., claimant’s doctor, to the effect *102 that Green “had an old fracture of the left femur with some displacement” no medical testimony in behalf of the claimant was introduced.
Respondent raised the question of the application of the statute of limitations in this case, and as it is not certain when the claimant discovered, or through due diligence should have discovered, the alleged cause of his injuries, and as the Court does not see that there is any cause of action on the merits, we need not decide such question.
The claimant, Archie Green, whose medical history showed he had suffered from rheumatoid arthritis since 1951, a back injury in 1950, and had had pneumonia fever and presently colitis, was admitted to Pinecrest 'Sanitarium upon a medical examination which showed that he had far-advanced pulmonary tuberculosis with emphysema. He had been taking cortisone for his arthritis which had to be discontinued because it aggravated his tuberculosis. The testimony of Dr. Y. N. Park, staff physician at the Pinecrest Sanitarium, who examined the claimant and supervised his treatment, is clear, persuasive and undisputed, except in comparative general terms by the claimant and his relatives.
There is no denial of the fact that claimant got up out of his bed and attempted to go to the door of his room and fell, but the claim that he broke his leg at that time is not supported by the evidence. Dr. Park testified that an x-ray was taken the next morning after the fall and that it did not show any bone broken or any reason to suspect such a fact, and no evidence was introduced to contradict the report of Dr. Park. Claimant says he was subject to “black-outs” and that such occurred and caused him to fall when he got up to close the room door in order for him to use the bed pan. The evidence shows that he was instructed to stay in bed or call for help because of his far-advanced tubercular condition 'and that he had a bell signal cord on his bed by which he could receive immediate assistance, but that he failed to abide by the doctor’s directions and he did not call for help when he got up to close the room door. The evidence showed that the claimant was conscious after the fall when the nurse came and the occupant of the adjoining room helped put claimant back in *103 bed. The claim that the patient broke his leg and received inadequate medical oare after that accident or at 'any time is simply not in the opinion of this Court sufficiently substantiated.
Then comes the question of the discharge of the patient from the sanitarium. As he wanted to obtain 'other medical services than were provided by the tuberculosis sanitarium, he asked for a ten-day leave which was granted with the understanding that he was to return for further care. When he was contacted, by the Health Department, it was learned he would not return and he never returned, but now seeks to hold the State liable for injuries he claims he continues to suffer by reason of his fall while in the hospital.
Considering all the evidence in the case, we are of the opinion that the claimants have not proven by any preponderance of the evidence that the State failed to exercise' reasonable oare in the treatment of its patient, 'and accordingly the claims of both Archie Green and Fosie Green are disallowed.
Claim disallowed.